IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARL B. MANUEL,** | : CIVIL ACTION NO. 1:20-CV-2309 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **LAUREL HARRY**, *et al.*, | : |
| **Defendants** | : |

**MEMORANDUM**

Plaintiff Karl B. Manuel, an individual formerly under the jurisdiction of the Pennsylvania Department of Corrections ("DOC"), initiated the above-captioned action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the State Correctional Institution at Camp Hill in Camp Hill, Pennsylvania. (Doc. 1). All correspondence mailed to plaintiff from the court has been returned to sender, and the court has been unable to communicate with plaintiff. For the reasons set forth below, the court will dismiss this action for failure to prosecute and failure to comply with a court order.

**I.   Background**

Plaintiff initiated this civil action pursuant to 42 U.S.C. § 1983 asserting various constitutional claims against defendants. (Doc. 1.) After the complaint was filed, the court mailed to plaintiff its standard *pro se* letter, a notice to proceed before a magistrate judge, and excerpts from its local rules. (Doc. 4.) That correspondence was returned to sender as undeliverable. (Doc. 5.) Because the court was unable to communicate with plaintiff, the court sent him an order

advising him of his duty to update his address with the court, requiring him to do so within twenty days, and warning him that if he failed to comply, the court would be forced to dismiss this action. (Doc. 6.) The order warned plaintiff that "[f]ailure to comply with this order may result in the dismissal of this case for failure to prosecute." (Id. at 2) (citing Federal Rule of Civil Procedure 41(b)). That notice was also returned to sender, and plaintiff has failed to update his address within the time provided by the order. (Doc. 7.) A review of the DOC's inmate locator, available at http://inmatelocator.cor.pa.gov/, confirms that plaintiff is no longer incarcerated by the DOC, and the court is unable to communicate with him.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). Not all of the Poulis factors need be satisfied to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

2

In the present matter, plaintiff is *pro se* and solely responsible for his actions. See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, as plaintiff appears to no longer be incarcerated, the court can only conclude that he is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Plaintiff's continued failure to communicate with the court and his continued inaction frustrates and delays the resolution of this case. This failure to communicate prejudices the defendants who would likely seek a timely resolution of the case. See Azubuko v. Bell National Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, plaintiff has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. As is clear from the procedural background of this case, plaintiff has not communicated with the court since he filed the complaint. Plaintiff has thus failed to comply with the court's local rules requiring a *pro se* litigant to update their address with the court as needed, and he has also failed to comply with the court's

3

order directing him to update his address in a timely manner. The court finds that plaintiff has delayed this matter to the extent that his conduct constitutes a dilatory conduct. A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. (See M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); see also Doc. 4 at 4, Standing Practice Order in *Pro Se* Plaintiff Cases). Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) It is clear that plaintiff has failed to comply with the terms set forth in Middle District of Pennsylvania Local Rule 83.18 and the Standing Practice Order.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as plaintiff has offered no explanation for his failure to provide the court with his current address and has been less than diligent in pursuing this matter. Gagliardi v. Courter, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

4

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given plaintiff's apparent indigence, alternative, monetary sanctions would not be effective. See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the court is incapable of imposing a lesser sanction without knowledge of plaintiff's whereabouts.

The final Poulis factor is the meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. The court finds that consideration of this factor would not be able to save plaintiff's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the Poulis factors, the majority of the six factors weigh in favor of dismissal.

**III.    Conclusion**

Plaintiff has repeatedly failed to update his address with the court, even when ordered to do so, and has further failed to otherwise communicate with the court. The court therefore finds that dismissal is appropriate under the circumstances.

A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        February 16, 2021