IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARL B. MANUEL,** | **:**   CIVIL ACTION NO. 1:20-CV-2309 |
| | : |
| Plaintiff | :   (Judge Conner) |
| | : |
| v. | : |
| | : |
| **LAUREL HARRY**, *et al.*, | : |
| | : |
| **Defendants** | : |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Karl B. Manuel, alleges that defendants were deliberately indifferent to his health and safety when they compelled him to share a cell with an inmate who smoked cigarettes. Defendants Harry, Horner, and Herb have moved for summary judgment. The motion will be granted, and we will additionally *sua sponte* dismiss all claims against non-moving defendants Rutherford and Forsyth.

### I.   Factual Background & Procedural History[1]

Manuel was incarcerated in SCI-Camp Hill beginning in November 2018. (Doc. 30 ¶ 3). Manuel, who suffers from asthma, was housed with a cellmate who

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. In this case, Manuel has failed to respond to defendants' statement of material facts and the statement is therefore deemed admitted. Id. The court cites directly to the statement of material facts when applicable.

smoked cigarettes in the cell. (Id. ¶ 5). Manuel complained to a correctional officer about the cellmate smoking and was sent to the infirmary on December 8, 2018. (See Doc. 1 ¶ 5; Doc. 30 ¶ 6). He was placed on breathing treatments. (Doc. 30 ¶ 7). Three days later, defendant Forsyth, a physician's assistant in the prison, took Manuel off the breathing treatments and instead prescribed him medication to treat his breathing problems. (Doc. 1 ¶ 6; Doc. 30 ¶ 8). Manuel allegedly told him that prescribing him medication would not "do any good" if he was still compelled to share a cell with an inmate who smoked. (Doc. 1 ¶ 6). Manuel requested that Forsyth and defendant Rutherford, another physician's assistant in the prison, transfer him to a different cell, but neither defendant granted the request. (See Doc. 1 ¶¶ 6-7; Doc. 30-1 at 12-15). Manuel acknowledges that as medical professionals Forsyth and Rutherford did not have authority to change his cell assignment. (Doc. 30-1 at 12).

Manuel was sent to the infirmary on two additional occasions during his incarceration at SCI-Camp Hill on December 16, 2018 and January 14, 2019 after suffering asthma attacks. (Doc. 30 ¶ 9). He was then transferred from SCI-Camp Hill to SCI-Fayette on January 15, 2019. (Doc. 30-1 at 10).

Manuel filed this case on December 1, 2020. (Doc. 1). He asserts claims for deliberate indifference to his health or safety in violation of the Eighth Amendment against Forsyth, Rutherford, and three supervisory defendants, Harry, Horner, and Herb. (Id. at 5).

On February 16, 2021, the court dismissed the case for failure to prosecute based on Manuel's failure to update his address. (Docs. 8-9). On November 2, 2021,

2

we granted his motion to reopen the case. (Doc. Doc. 13). Defendants Harry, Horner, and Herb answered the complaint on December 27, 2021. (Doc. 17). Defendants Forsyth and Rutherford have not been served with process and accordingly have not responded to the complaint. Manuel filed an amended complaint on March 7, 2022, but the court struck it from the record on April 25, 2022 for noncompliance with Federal Rule of Civil Procedure 15. (Docs. 19-20). He did not file any subsequent motions for leave to amend the complaint.

Following the close of fact discovery, defendants Harry, Horner, and Herb filed the instant motion for summary judgment on January 5, 2023. (Doc. 29). We granted Manuel's motion for extension of time to respond to the motion, allowing him to do so on or before May 7, 2023. (Doc. 35). He did not respond to the motion by that deadline, nor has he filed any subsequent responses to the motion or motions for extension of time. Hence, the motion is ripe for review.

## II.   Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This

evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

Manuel brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id.

4

Defendants Harry, Horner, and Herb argue that they are entitled to summary judgment because they were not personally involved in the alleged civil rights violations.  (Doc. 31 at 4).  We agree.  There are no allegations in the complaint that Harry, Horner, and Herb were directly involved in the events giving rise to Manuel's claims, and Manuel confirms in his deposition testimony that the claims against them are solely based on their roles as supervisors.  (See Doc. 30-1 at 12).

We will additionally dismiss Manuel's claims against non-moving defendants Forsyth and Rutherford pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which states that a district court must review a complaint filed *in forma pauperis* and dismiss it "at any time" if the court determines that it fails to state a claim upon which relief may be granted.  Section 1915 allows courts to "assess the merits of the lawsuit" and dismiss it for failure to state a claim upon which relief may be granted "at any time."  Brown v. Sage, 941 F.3d 655, 657 (3d Cir. 2019) (en banc) (quoting 28 U.S.C. § 1915(e)(2).  District courts' authority to dismiss claims pursuant to Section 1915 continues through summary judgment proceedings: courts may dismiss claims pursuant to Section 1915 while simultaneously considering motions for summary judgment relating to other claims or defendants.  See, e.g., Jones v. Lisiak, No. 3:17-CV-46, 2022 WL 260976, at *13 n.4 (M.D. Pa. Jan. 25, 2022); Collazo v. Miller, No. 4:20-CV-83, 2020 WL 7711281, at *4 (M.D. Pa. Dec. 29, 2020); Ferguson v. Sniezek, No. 1:10-CV-2638, 2013 WL 3942090, at *8 n.10 (M.D. Pa. July 30, 2013).

Having reviewed Manuel's claims against Forsyth and Rutherford pursuant to the screening provisions of Section 1915, we will dismiss the claims for failure to state a claim upon which relief may be granted. Manuel's claims against Forsyth and Rutherford arise from their alleged failure to transfer him to a different cell, but as Manuel concedes, both defendants are medical professionals who did not have any authority over his cell assignment. (See Doc. 30-1 at 12).

Manuel's claims also fail to the extent they seek to hold Forsyth and Rutherford liable for the medical care they provided to him. It is clear from the four corners of the complaint that Rutherford and Forsyth treated Manuel's breathing difficulties by prescribing breathing treatments and medication. (See Doc. 1 ¶¶ 5-6). Manuel's statement that this treatment would "not do any good" if he was still compelled to share a cell with an inmate who smoked amounts to nothing more than a disagreement with the treatment he received, which is not actionable under the Eighth Amendment. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

## IV. Conclusion

We will grant the motion for summary judgment filed by defendants Harry, Herb, and Horner, *sua sponte* dismiss the claims against defendants Forsyth and Rutherford pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and close this case. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: July 20, 2023